# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-10023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LANAMON HARRIS, also known as Wooh, also known as Lil Whoop,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-200-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Lanamon Harris pleaded guilty to one count of possession with intent to distribute a controlled substance and was sentenced to 200 months in prison. After arresting Harris at his home, police found drugs, drug paraphernalia, and three firearms and ammunition in various rooms. Over Harris's objection, the district court applied a two-level enhancement to Harris's offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10023

pursuant to U.S.S.G. § 2D1.1(b)(1) for his possession of a firearm. Harris now challenges the enhancement on appeal.

A district court's finding that § 2D1.1(b)(1) applies is a factual finding reviewed for clear error. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.* (internal citation omitted). For the enhancement to apply, the government must first prove the defendant possessed the firearm. *See id.* at 53. If the government meets its burden, the defendant can avoid the enhancement only by "showing it was clearly improbable that the weapon was connected with the offense." *See id.* (internal quotation marks and citation omitted).

Harris concedes the Government met its burden of proving he possessed a firearm for purposes of § 2D1.1(b)(1), but he argues it is clearly improbable that any of his firearms were connected to the offense because none of them were found in the same room as drugs, there was no evidence the guns were present during his drug transactions, and he used the guns for home protection. *See United States v. Jacquinot*, 258 F.3d 423, 430-31 (5th Cir. 2001) ("The § 2D1.1(b)(1) adjustment should be applied if the weapon was present, unless the defendant establishes that it was clearly improbable that the weapon was connected with the offense."). Harris has not offered any evidence to support his assertion that he possessed the guns for home-protection purposes, the PSR reveals that Harris sold two ounces of methamphetamine to a confidential informant at his residence where the firearms, drugs, and drug paraphernalia were found, and drug paraphernalia was found in the same room as one of the three firearms. *See United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014). It is therefore plausible that Harris could have used a firearm in connection with his offense. *Jacquinot*, 258 F.3d at 431.

No. 20-10023

Harris has not shown the district court clearly erred in applying the § 2D1.1(b)(1) enhancement. The judgment of the district court is AFFIRMED.